985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold STAFFNEY, Plaintiff-Appellant,
v.
Mary ROBLEDO; Norma Edmond; M.G. Feiling, Defendants-Appellees.
 No. 92-2020.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1993.
 
 Before RYAN and SILER, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Harold Staffney, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Staffney filed the instant complaint against the defendant prison officials alleging that the defendants violated his constitutional rights when he was fired from his job in the kitchen and was issued a misconduct for not reporting to work when asked to do so on a day off. Staffney did not specify the constitutional right or rights allegedly violated nor did he specifically plead the individual liability of the defendants. He sought back pay, raises and interest.
 
 
 3
 The defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, a motion for summary judgment pursuant to Fed.R.Civ.P. 56(c). The matter was referred to a magistrate judge who reviewed the complaint first as an alleged Eighth Amendment violation of Staffney's right to be free from cruel and unusual punishment and then as a procedural due process violation. The magistrate judge recommended that the complaint be dismissed for failure to state a claim for which relief may be granted after finding that the Eighth Amendment did not mandate provision of employment opportunities to prisoners and that Staffney's continued employment was not a property interest protected under the Fourteenth Amendment. Despite Staffney's objections, the district court held that Staffney did not allege a property interest protected under the Fourteenth Amendment and that even if he had alleged a protected interest, the claim would fail because Staffney did not allege or show inadequate state remedies to redress the wrong.
 
 
 4
 Upon review, we conclude that the dismissal was proper as Staffney undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Meador v. Cabinet For Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990); Dana Corp. v. Blue Cross & Blue Shield Mutual, 900 F.2d 882, 885 (6th Cir.1990). It is well settled that there is no inherent constitutionally protected right of prisoners to a prison job. Ivey v. Wilson, 832 F.2d 950 (6th Cir.1987). Moreover, the Michigan statutes and administrative regulations concerning inmate job assignments do not create a property interest in the retention of a prison job. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989); Hewitt v. Helms, 459 U.S. 460, 469, 471-72 (1983).
 
 
 5
 Even if there was a property interest in the retention of a prison job, the district court correctly dismissed Staffney's claim pursuant to the doctrine enunciated in Parratt v. Taylor, 451 U.S. 527 (1981). Not having pleaded the inadequacy of the state's corrective process, Staffney has failed to state a cause of action for a deprivation of his procedural due process rights in federal court. Zinermon v. Burch, 494 U.S. 113, 136-37 (1990); Hudson v. Palmer, 468 U.S. 517, 531-33 (1984).
 
 
 6
 Finally, dismissal is also proper because Staffney is barred from receiving the monetary relief that he seeks. Under the Eleventh Amendment, state employees are immune from damages when a § 1983 action is brought against them in their official capacity. Wells v. Brown, 891 F.2d 591, 592 (6th Cir.1989). It appears that the defendants in the instant case were being sued in their official capacity as state employees because the complaint does not indicate that they are being sued personally, see Wells, 891 F.2d at 592. They are therefore not subject to suit for monetary damages under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).
 
 
 7
 For the foregoing reasons, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.